Filed 6/17/25  P. v. Tamayo CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B334461 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA432304) |
| v. | |
| JONATHAN TAMAYO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, H. Clay Jacke II, Judge.  Affirmed.

Danalynn Pritz, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Wyatt E. Bloomfield and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Jonathan Tamayo pleaded guilty to second degree murder in 2017.  In 2019, appellant petitioned for resentencing under Penal Code[1] section 1172.6.  The trial court held an evidentiary hearing, after which it found beyond a reasonable doubt that appellant was guilty of murder as a direct aider and abettor.  Appellant raises evidentiary and sufficiency-of-evidence challenges on appeal.  There was no error, so we affirm.

## FACTS AND PROCEDURAL BACKGROUND

### 1. The killing

On November 5, 2012, appellant, Alejandro Rodriguez, "J-Bug," and Arturo Dircio—all members of the Rockwood gang—planned a "mission" to enter rival gang territory and shoot any members of the 18th Street gang they found.  Dircio stayed behind to serve as the "lookout" for the mission.  The others ventured across enemy lines and found two 18th Street gang members, Luisa Navarro and Luis Gonzalez, sitting on steps of an apartment.  While the others stood nearby, Rodriguez approached Gonzalez and asked, "Where are you from?"  Rodriguez then reached for his gun, Gonzalez tried to grab it, and a struggle ensued.  Rodriguez got ahold of the gun and shot Gonzalez several times, causing his death.  Rodriguez and his onlooking associates then ran off in different directions.

An officer who happened to be "directly south" of the shooting heard the gunshots, and seconds later intercepted appellant who was running down the street, "breathing heavily, . . . sweating profusely, [and] excited."

---

[1] Undesignated statutory references are to the Penal Code.

## 2. Rodriguez's conviction

A jury convicted Rodriguez of first degree murder and found true that he personally and intentionally discharged a firearm causing great bodily injury and death, and that he did so for the benefit of the criminal street gang.  His conviction was affirmed on appeal.  (*People v. Rodriguez* (Dec. 23, 2016, B260840) [nonpub. opn.].)

## 3. Appellant's preliminary hearing

Dircio, the "lookout" for the mission, was initially arrested in connection with the shooting and testified under immunity at both Rodriguez's trial and appellant's preliminary hearing.

At appellant's preliminary hearing, Dircio denied various facts or stated he did not remember them, and the prosecutor impeached him with his prior testimony and statements he gave to police after his arrest.  Dircio had testified he met Rodriguez, appellant, and J-Bug on the evening of November 5, 2012, and that they planned a "mission" to "cross enemies['] turf" "to shoot an 18th Streeter."  Dircio agreed to stay behind to watch for police.  Dircio saw appellant with a gun at this meeting.  This testimony was consistent with the statements Dircio gave to police after his arrest.

## 4. Charges and plea

The People charged appellant with murder and alleged various enhancements.  After the matter was called for jury trial, appellant pleaded no contest to second degree murder and one firearm enhancement in exchange for 16 years to life in prison.

## 5. Section 1172.6 petition and evidentiary hearing

In November 2019, appellant filed a petition for resentencing under section 1172.6.  The People filed an opposition to appellant's petition, attaching as exhibits the

transcripts of appellant's preliminary hearing and of his interview with police. The trial court found that appellant had made a prima facie showing and convened an evidentiary hearing. Neither party presented any new evidence at that hearing. Appellant's counsel argued that "the rules of trial apply to this proceeding," such that the trial court could not rely on the preliminary hearing transcript without a showing that Dircio was "unavailable." He also argued there was inadequate evidence to corroborate Dircio's accomplice testimony. The court rejected these arguments, took that matter under submission, and ultimately denied the petition, finding "beyond a reasonable doubt" that appellant "is a direct aider and abettor with intent to kill," and "a co-conspirator to a murde[r]." More specifically, it found: "[T]here was a plan to find and kill a gang rival in 18th Street territory. [Appellant] shared the intent of Rodriguez, the shooter. It was not imputed. [Appellant] knew Rodriguez' purpose[, and] encouraged the crime not only in the planning, but . . . by walking into rival territory with Rodriguez."

**DISCUSSION**

1. **Section 1172.6**

Murder is "the unlawful killing of a human being . . . with malice aforethought." (§ 187, subd. (a).) Malice may be express or implied. (§ 188.) Express malice is the intent to kill; implied malice exists "where the defendant . . . acted with conscious disregard that the natural and probable consequences of [his or her] act or actions were dangerous to human life." (*People v. Gonzalez* (2018) 5 Cal.5th 186, 197.) Although malice is an element of murder, when appellant pleaded no contest, the law allowed defendants who did not act with malice to be liable for murder under certain circumstances.

4

Senate Bill No. 1437 (Stats. 2018, ch. 15) significantly narrowed these circumstances. Now, to convict a defendant of murder, the prosecution must prove he acted with malice—except under the narrowed felony-murder rule set forth in section 189, subdivision (e)—and malice may not be imputed based solely on an individual's participation in a crime (§ 188, subd. (a)(3)), thereby eliminating the natural and probable consequences doctrine. (*People v. Gentile* (2020) 10 Cal.5th 830, 842–843, 847 (*Gentile*).)

Under section 1172.6, a person convicted under one of the now-invalid theories of murder may petition the sentencing court to vacate the conviction and to resentence defendant on any remaining counts. (*People v. Lewis* (2021) 11 Cal.5th 952, 957). If the petitioner makes a prima facie showing that he or she falls within the provisions of section 1172.6 and is eligible for relief, the court must issue an order to show cause and hold an evidentiary hearing to determine whether to grant the petition and resentence the petitioner. (§ 1172.6, subds. (c) & (d).)

"At an evidentiary hearing under section 1172.6, subdivision (d)(3), the trial judge is charged with determining, beyond a reasonable doubt, if the petitioner is guilty of murder under a theory that remains valid after the amendments to the substantive definition of murder." (*People v. Vargas* (2022) 84 Cal.App.5th 943, 952 (*Vargas*).) The court's role at the hearing is to act as an independent fact finder and determine the issues in the first instance. (*People v. Guiffreda* (2023) 87 Cal.App.5th 112, 123.) The court may consider evidence "previously admitted at any prior hearing or trial that is admissible under current law." (§ 1172.6, subd. (d)(3).)

5

**2. Because the evidence was properly admitted at the preliminary hearing "under current law," it was properly admitted at the evidentiary hearing**

Section 1172.6, subdivision (d)(3) provides that "admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony . . . ." (§ 1172.6, subd. (d)(3).) In other words, it "provides a general rule that admissibility is 'governed by the Evidence Code.' [Citation.] It then exempts from the general rule 'evidence previously admitted at any prior hearing or trial that is admissible under current law.' " (*People v. Palacios* (2024) 101 Cal.App.5th 942, 952.)

Appellant does not dispute that Dircio's testimony from Rodriguez's trial and his out-of-court statements to police were properly admitted at the preliminary hearing as prior inconsistent statements (Evid. Code, §§ 770, 1235); rather, he urges us to construe "admissible under current law" to mean that the evidence properly admitted at that hearing "must once again be run through the rigorous filter of the rules of evidence—but at a different time, under different circumstances." (*People v. Davenport* (2023) 95 Cal.App.5th 1150, 1159.) Such an interpretation would render "the exception for previously admitted testimony . . . superfluous." (*Ibid.*; accord, *Palacios*, *supra*, 101 Cal.App.5th at p. 952; *People v. Robinson* (2024) 106 Cal.App.5th 854, 867–868.) Consistent with precedent, we construe the phrase "admissible under current law" to "mean[] that the basis for that evidence's previous admission remains a valid basis under current law." (*People v. Robinson*, at p. 867; see also *People v. Clements* (2022) 75 Cal.App.5th 276, 297 [with

section 1172.6, subdivision (d)(3), the Legislature did not require that qualifying offenders receive a new trial; rather, it chose a compromise that "requir[es] trial judges to decide the critical factual questions based—at least in some cases—on a cold record"].) Dircio's prior trial testimony and his statements to police, which were duly admitted at appellant's preliminary hearing, were also the proper subject of the court's consideration at the evidentiary hearing held under section 1172.6, subdivision (d)(3).

## 3.    Sufficiency of evidence challenges

### A.    *Adequate evidence corroborated Dircio's statements*

For accomplice testimony to support a conviction, it must be corroborated "by such other evidence as shall tend to connect the defendant with the commission of the offense" (§ 1111) " ' " ' "in such a way as reasonably may satisfy a jury that the accomplice is telling the truth" ' " ' " (*People v. Pedroza* (2014) 231 Cal.App.4th 635, 652 (*Pedroza*)). This requirement is an " ' "exception[]" to the substantial evidence' rule[]" "based on the Legislature's determination that ' "because of the reliability questions posed by" ' accomplice testimony, such testimony ' "by itself is insufficient as a matter of law to support a conviction." ' " (*People v. Romero and Self* (2015) 62 Cal.4th 1, 32.) "The law, however, requires only slight corroboration, and the evidence need not corroborate the testimony in every particular." (*People v. Gurule* (2002) 28 Cal.4th 557, 628; accord, *People v. Davis* (2005) Cal.4th 510, 543.)

" 'The trier of fact's determination on the issue of corroboration is binding on the reviewing court unless the corroborating evidence should not have been admitted or does not

7

reasonably tend to connect the defendant with the commission of the crime.' " (*People v. Abilez* (2007) 41 Cal.4th 472, 505.)

Dircio's testimony was sufficiently corroborated by the officer's testimony that he found appellant running away from the murder scene "sweating profusely" and "excited." An officer assigned to the gang unit also testified that appellant was a member of the Rockwood gang and that the gang's "main rival is 18th Street," and described the boundaries of the respective gang territories consistent with Dircio's account. Although these pieces of evidence on their own might not be worth much, they do connect appellant with the crime " ' " ' "in such a way as reasonably may satisfy a jury that [Dircio] is telling the truth." ' " ' " (*Pedroza, supra*, 231 Cal.App.4th at p. 652.) The evidence therefore suffices to corroborate Dircio's accomplice testimony.

**B.    *Direct aiding and abetting***

Appellant argues that insufficient evidence supports the trial court's finding, beyond a reasonable doubt, that appellant is guilty of murder as a direct aider and abettor. This argument is premised on appellant's position that Dircio's prior testimony and statements to police were not admissible at the evidentiary hearing. Having rejected this position, we conclude that substantial evidence supports the trial court's finding that appellant was a direct aider and abettor.

Although section 1172.6 eliminated several forms of accomplice liability for murder, accomplices may still be convicted of murder as direct aiders and abettors. (*People v. Reyes* (2023) 14 Cal.5th 981, 990; see also *People v. Offley* (2020) 48 Cal.App.5th 588, 595–596.) That is because to convict a defendant as a direct aider and abettor, the trier of fact must find

that he or she acted with malice, either express or implied. (*Vargas*, *supra*, 84 Cal.App.5th at p. 953; *Gentile*, *supra*, 10 Cal.5th at p. 848.)

Whether a defendant aided and abetted a charged crime is judged under the totality of the circumstances. (*People v. Morga* (1969) 273 Cal.App.2d 200, 207.) "Factors to be considered by the trier of fact in determining 'whether one is an aider and abettor include presence at the scene of the crime, failure to take steps to attempt to prevent the commission of the crime, companionship, flight, and conduct before and after the crime.' " (*People v. Garcia* (2008) 168 Cal.App.4th 261, 273 (*Garcia*); *Vargas*, *supra*, 84 Cal.App.5th at p. 955.)

Here, substantial evidence supports the trial court's finding that appellant acted with at least implied malice to directly aid and abet the murder.[2] Dircio testified at Rodriguez's trial and told police that he, appellant, Rodriguez, and J-Bug together planned to enter rival gang territory and shoot any rival gang member they found. Aligning with this described plan, Navarro testified at the preliminary hearing that a group of unfamiliar men approached her and Gonzalez, and one of them—later determined to be Rodriguez—confronted Gonzalez, asked where he was from, and shot him. An officer testified that seconds after hearing the gunshots, he intercepted appellant, who was running away from the crime scene "sweating profusely" and "excited." These pieces of evidence provided an ample basis for the trial court to find appellant directly aided and abetted the murder with implied malice. (*Garcia*, *supra*, 168 Cal.App.4th at p. 273.)

---

[2] The trial court did not specify whether it was finding express or implied malice in connection with direct aiding and abetting.

Because this issue is dispositive, we decline to address appellant's arguments about the trial court's conspiracy finding.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.


We concur:


CHAVEZ, J.


RICHARDSON, J.

10